UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WILLIE LEE STEELE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:14-cv-01558-LJM-TAB |
| | ) | |
| ROB MARSHALL Internal Affairs Investigator, | ) | |
| SERGEANT KEITH MCDONALD Internal Affairs Investigator, and | ) | |
| DUSTY RUSSELL, | ) | |
| | ) | |
| Defendants. | | |

## **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants Rob Marshall, Keith McDonald, and Dusty Russell ("Defendants") move for summary judgment seeking resolution of Plaintiff Willie Lee Steele's ("Steele's") Eighth Amendment claims against them. Defendants argue that there is no "genuine dispute as to any material fact" pursuant to Federal Rule of Civil Procedure 56(a) that Steele failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA") before bringing the present suit. 42 U.S.C. § 1997e(a). For the reasons stated herein, Defendants' motion for summary judgment is **GRANTED**.

### **I.     BACKGROUND**

Steele is a prisoner at the Wabash Valley Correctional Facility ("WVCF"). According to his complaint, Defendants, all WVCF prison officials, violated his Eighth Amendment rights by acting with deliberate indifference to his safety and failing to take reasonable steps to protect him against attack by two other prisoners on the morning of

May 29, 2014. Dkt. No.1, at 3.[1] Steele alleges that Defendants each had notice that Steele was at risk, had opportunities to protect him, and failed to do so. He seeks compensatory damages.

In their answer, Defendants move for summary judgment seeking resolution of the claim based on the affirmative defense that Steele failed to exhaust his administrative remedies prior to filing this suit in violation of the PLRA. Here, exhaustion of Steele's administrative remedies required compliance with the Indiana Department of Corrections ("IDOC") Offender Grievance Process in regards to his claims.

The IDOC Offender Grievance Process is intended to provide administrative means by which inmates may resolve concerns and complaints related to their conditions of confinement. Exhaustion of the IDOC Offender Grievance Process entails completion of three steps: an informal complaint; a formal, written grievance; and an appeal. Dkt. No. 16-1, at 1. Although the IDOC Offender Grievance Process specifically allows for grievances concerning the actions of staff, Dkt. No. 16-3, at 5, the grievance records indicate that Steele failed to file any grievances in connection with the May 29, 2014, incident. Dkt. No. 16-2, at 1.

Steele opposed the motion for summary judgment by describing his unsuccessful efforts to file a grievance for the May 29, 2014, incident. On May 30, 2014, he inquired with Counselor Thompson about filing a grievance to appeal his fighting charge. Dkt. No. 20, at 5. On June 2, 2014, Counselor Thompson informed Steele that amending a conduct report, as appealing his fighting charge required, was not a grievable offense. Dkt. No.

---

[1] All citations herein will be to the Docket No. and ECF page number from the upper right-hand corner of the document.

20, at 6. The IDOC Offender Grievance Process confirms that there is a separate appeal process for disciplinary actions or decisions, which are therefore not grievable. Dkt. No. 16-3, at 6.

Steele continued to pursue an appeal and wrote to Defendant Marshall about "appealing [his] conduct report" on June 18, 2014. Dkt. No. 20-2, at 2. Defendant Marshall responded that he did not agree with Steele's guilty finding on June 19, 2014, and copied Counselor Thompson on the correspondence. Dkt. No. 20-2, at 1. Steele was then transferred to another lockdown unit at the Indiana State Prison, where he again tried to file a grievance. It is unclear if this grievance was in regards to the fighting charge or if he had finally decided to pursue a grievance against the Defendants' conduct, but his request was denied because too much time had passed. According to the IDOC Offender Grievance Process, a grievance must be commenced within five working days from the date of the incident. Dkt. No. 16-3, at 15. Several weeks had passed since the incident when Steele was transferred. Steele then commenced the present Eighth Amendment suit against Defendants alleging deliberate indifference and failure to take reasonable steps to protect.

## II. STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*,

550 U.S. 372, 380 (2007). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *Nat'l Soffit & Escutcheons, Inc., v. Superior Sys., Inc.*, 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to the motion for summary judgment is the PLRA, which requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. *See* 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) (footnote omitted). *See also Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)). "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004).

## III. ANALYSIS

Defendants argue that Steele did not exhaust his administrative remedies before filing his Eighth Amendment claims against them because Steele failed to file any grievances regarding their actions before bringing the present suit. Steele responds by citing his efforts to file a grievance regarding his fighting charge following the incident, implying that he exhausted his efforts and was otherwise prohibited from fulfilling the PLRA requirements.

The issue here is not whether or not Steele made sufficient efforts to exhaust his administrative remedies or whether he was prevented from doing so. Rather, the issue is whether the claim he attempted to raise through the IDOC Offender Grievance Process is the same as that brought in this lawsuit. The Eighth Amendment complaint alleges that Steele notified Defendants, all prison officials, of a threat against him and identified to them who had made the threat; and that Defendants delayed taking action to prevent the harm and on May 29, 2014, Steele was attacked by two other prisoners, who stabbed him twice in the head. Steele seeks compensatory damages for the Defendants' alleged deliberate indifference and failure to take reasonable steps to protect him in violation of the Eighth Amendment. The grievance that Steele sought to initiate on May 30, 2014, with Counselor Thompson focused on appeal of his fighting charge and related punishment.

Although the IDOC Offender Grievance Process allows grievances regarding prison staff conduct, Dkt. No. 16-3, at 5-6, Steele never initiated a grievance regarding the Defendants' actions or failure to act to protect him. The grievance Steele did attempt to file addressed a separate issue, which happened to be ungrievable under the IDOC

Offender Grievance Process. "Prisoners must follow state rules about the time and content of grievances." *Riccardo v. Rausch*, 375 F.3d 521, 523 (7th Cir. 2004). Steele failed to initiate a grievance regarding Defendants' conduct and therefore failed to exhaust his claim before filing an Eighth Amendment suit against them. Defendants are entitled to summary judgment on this basis.

## IV. CONCLUSION

For the reasons explained above, the motion for summary judgment filed by Defendants is **GRANTED**.

IT IS SO ORDERED this 26th day of May, 2015.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Kelly J. Pautler
INDIANA ATTORNEY GENERAL
kelly.pautler@atg.in.gov

Lakesha D. Triggs
INDIANA ATTORNEY GENERAL
lakesha.triggs@atg.in.gov

WILLIE LEE STEELE
854214
INDIANA STATE PRISON
INDIANA STATE PRISON
Inmate Mail/Parcels
One Park Row
MICHIGAN CITY, IN 46360